Filed 10/2/23  P. v. Serpas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095167 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE001752) |
| v. | |
| CESAR EDUARDO SERPAS, | |
| Defendant and Appellant. | |

A jury found defendant Cesar Eduardo Serpas guilty of several felonies related to an attempted carjacking and found true some associated enhancements.  The trial court sentenced defendant to the upper term on all counts that it could, and imposed the maximum sentences on the enhancements.  On appeal, defendant argues we must vacate his sentence and remand for the trial court to consider whether to exercise its new discretion after several recent changes in the law.  We affirm, rejecting defendant's contentions and concluding remand would be an idle act.

1

BACKGROUND

Defendant and a codefendant approached two people getting in a car outside a store and robbed them at gunpoint. Defendant hit one of the victims in the head with his gun. The injured victim was able to escape into the nearby store while defendant attempted unsuccessfully to start the car. Defendant then entered the store, fired multiple shots, and made threats against calling the police before fleeing on foot.

Defendant was charged with six felonies: second degree robbery (Pen. Code, § 211—count one);[1] attempted carjacking (§§ 664, 215, subd. (a)—count two); attempted murder (§§ 664, 187, subd. (a)—count three); assault with a semiautomatic firearm (§ 245, subd. (b)—count four); threatening a witness or victim (§ 136.1, subd. (c)(1)—count five); and being a convicted felon in possession of a firearm. (§ 29800, subd. (a)(1)—count eight.) Three sets of firearm enhancements were alleged: personal use of a firearm (§ 12022.5, subd. (a)) on counts one through five; personal use of a firearm (§ 12022.53, subd. (b)) on counts one through three; and intentional discharge of a firearm (§ 12022.53, subd. (c)) on counts one through three. It further was alleged that defendant had a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12.) At trial, defendant stipulated to having been convicted of a felony offense.

The jury found defendant guilty of all charges and found true all enhancement allegations, although on count three it acquitted defendant of attempted murder, instead finding him guilty of the lesser included offense of attempted voluntary manslaughter (§§ 664, 192, subd. (a)), and found not true any of the intentional discharge of a firearm enhancements.

---

[1]     Undesignated statutory references are to the Penal Code.

At the sentencing hearing on November 5, 2021, the trial court made several findings before imposing sentence. It first held a court trial and found the prior strike allegation true beyond a reasonable doubt and denied defendant's motion to strike the strike, finding that "[t]here doesn't seem to be a willingness to be rehabilitated or certainly hasn't shown any valuable skills since incarceration." For this finding, the trial court relied on a certified record of defendant's prior strike conviction from the Department of Corrections and Rehabilitation.

The court next considered defendant's motion to stay execution of sentence on all but one conviction under section 654. The trial court denied this in part, finding that defendant's crimes instead could be split into two separate acts: the robbery and the attempted voluntary manslaughter/assault with a firearm in the store.

The court then explained its intent to impose the upper term sentence, saying, "[I]f this isn't a case for the upper[]term, then I don't know what is, given his criminal history, given the violence." Specifically, the court said it was "imposing the upper[]term for the following reasons: 4.421, Rule of Court, (a)(1): The crimes involved great violence, other acts, disclosing a high degree of viciousness or callousness; (a)(8): The manner in which the crimes were carried out indicates planning, professionalism; (b)(1): The Defendant engaged in violent conduct, which indicates a serious danger to society; (b)(2): The Defendant's prior convictions and prior record; and (b)(3): The Defendant has served a prior prison term. [¶] So in the aggregate, the Court finds all those sufficient to justify a[n] upper[]term. [¶] Even if the Court of Appeal were to find that one or more of those were not—were not appropriately imposed—even—based on even one of those factors, the Court would exercise its discretion to impose the upper[]term."

The court next discussed the enhancements. The court imposed 10 years for the firearm enhancements, even though it had discretion to impose less time for the enhancements under section 12022.5, subdivision (a). It further explained that for the section 12022.53, subdivision (b) enhancements, "[E]ven if, for some reason, I was

3

supposed to use the [section] 12022.5[, subdivision] (a) instead of the [section 12022.]53, I would still impose the upper[]term." The court also considered its discretion to strike the firearm enhancements, deciding to not exercise this discretion for similar reasons it found the upper term appropriate, including that it found "that there are no factors in mitigation." It also declined to strike defendant's section 667, subdivision (a) enhancement "for all of the same reasons why it would not be in the interest of justice to strike the firearm enhancements."

The court then formally imposed the following sentence for a total of 38 years four months: on count four, nine years (upper term) doubled to 18 years for the prior strike plus 10 years for the section 12022.5, subdivision (a) firearm enhancement; on count one, one year (one-third the middle term) doubled to two years for the prior strike plus three years four months (one-third the middle term) for the associated section 12022.53, subdivision (b) enhancement; and five years for the prior serious felony conviction. (§ 667, subd. (a).) The court then imposed but stayed, under section 654, sentences on all remaining counts and enhancements.

## DISCUSSION

### I

### *Sentencing Changes*

Defendant argues that remand for resentencing is necessary based on three changes in the law now providing courts discretion that the trial court here did not have at the time of sentencing: (1) *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*); (2) Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518); and (3) Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567).[2] The People contend that even if

---

[2] Defendant also asserts he can benefit from Senate Bill No. 81 (2021-2022 Reg. Sess.). However, he concedes the changes from this bill are not retroactive, so he can only benefit from this bill if he is resentenced on other grounds. (§ 1385, subd. (c)(7)

these changes apply to defendant, remand is unnecessary because the trial court indicated it would not impose a lesser sentence.  We agree with the People.

A.    *Changes to sentencing discretion*

The sentencing changes on which defendant relies modified the discretion of trial courts to make certain sentencing decisions.  First, our Supreme Court in *Tirado, supra*, 12 Cal.5th 688 found that when a defendant is charged with a section 12022.53, subdivision (d) enhancement, courts are not limited to only imposing or striking the enhancement under that subdivision, but "may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivision] (b) or (c)."  (*Tirado*, at p. 700, fn. omitted.)  Some courts, including a panel from this court, have extended this reasoning to enhancements under section 12022.53, subdivision (b) to permit striking those enhancements and imposing a shorter term under section 12022.5.  (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1089-1090, review granted Dec. 14, 2022, S277196.)  However, not all courts have agreed with this approach.  (See *People v. Lewis* (2022) 86 Cal.App.5th 34, 40.)[3]

Next, Assembly Bill 518, effective January 1, 2022, modified section 654 to give trial courts discretion to choose the count on which they would stay execution of sentence.  At the time of defendant's sentencing hearing, section 654 stated that an act shall be punished under only one provision, and that provision must be "the provision that provides for the longest potential term of imprisonment."  (§ 654, former subd. (a); Stats. 1997, ch. 410, § 1.)  After Assembly Bill 518, section 654, subdivision (a) stated that the act "may be punished under either of such provisions."  (§ 654, subd. (a); Stats.

["This subdivision shall apply to all sentencings occurring after January 1, 2022"].)  We therefore do not address this argument.

[3]    We do not take a position on this issue because, as discussed *post*, we find even if the trial court had this discretion, the record clearly indicates it would not have exercised it.

5

2021, ch. 441, § 1.) "Thus, under newly amended section 654, a trial court is no longer required to punish under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. [Citation.] Section 654 'now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' [Citation.]" (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.) These changes apply retroactively to all cases not yet final. (*Ibid.*)

Finally, at the time of defendant's sentencing, trial courts had discretion under sections 1170 and 1170.1 to select the appropriate term if a statute prescribed a sentencing triad. (§§ 1170, former subd. (b), 1170.1, former subd. (d).) Pursuant to Senate Bill 567, section 1170, subdivision (b)(1) now provides that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." The referenced exception provides that an upper term sentence may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Similarly, section 1170.1 now provides that a trial court may impose the upper term for an enhancement "only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170.1, subd. (d)(2).)

B.    *Analysis*

None of the changes upon which defendant relies rendered his sentence unauthorized; defendant does not contend otherwise. Instead, he cites the possibility that the trial court might exercise its new discretion in his favor. Typically, we are guided by

the principle that defendants are entitled to sentencing decisions made by a court exercising informed discretion. (*Tirado, supra*, 12 Cal.5th at p. 694.) "A court acting while unaware of the scope of its discretion is understood to have abused it. [Citation.]" (*Ibid*.) "In such circumstances, . . . the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Here, however, the record clearly indicates the trial court would have imposed the same sentence. Two of the sentencing changes give the trial court discretion to lower its sentence—choosing a lesser punishment under section 654 and the section 12022.53, subdivision (b) firearm enhancement (assuming *Tirado*'s reasoning applies to these enhancements). But the trial court stated very clearly, multiple times, that it intended to impose the longest sentence possible. The court went so far as to say that even if it was supposed to use the section 12022.5 sentencing scheme for the 12022.53, subdivision (b) enhancements, which is what defendant argues for here, it would still impose the maximum 10-year sentence on those enhancements. The court's actions supported its statements when it: (1) declined to strike defendant's prior strike; (2) imposed the upper term when it could have imposed the middle or lower term; (3) imposed the maximum 10 years on the section 12022.5, subdivision (a) enhancement even though it could have imposed a lesser sentence; (4) declined to exercise its discretion to strike the section 12022.53, subdivision (b) enhancement; and (5) declined to strike the section 667, subdivision (a) enhancement. The court's statements and sentencing acts make it unmistakably clearly that if the trial court had additional discretion to shorten defendant's sentence, it would decline to do so.

Senate Bill 567's changes are different because they limit a trial court's discretionary authority to impose the upper term. There is some disagreement among appellate courts on the appropriate analysis for determining when remand is necessary for

7

a nonfinal sentence imposed before Senate Bill 567. (See *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131-1136, review granted May 17, 2023, S279147 [describing the tests employed to "allow reviewing courts to find [Senate Bill ] 567 error harmless"].) The more stringent version of the test mirrors the test we have applied above, finding remand unnecessary if two elements are met: (1) "a defendant *could* still lawfully be sentenced to an upper term under federal and state law. This requires us to conclude that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt" (*id.* at p. 1137); and (2) "the trial court *would* impose the same sentence in its informed discretion under amended section 1170, subdivision (b). To answer that question, we must . . . ask whether the record *clearly indicates* that the trial court would have imposed the same sentence under the new law." (*Id.* at pp. 1137-1138.)

This test is satisfied here. First, though the aggravating factors the trial court articulated were not all found beyond a reasonable doubt, the trial court did find defendant suffered his prior strike conviction beyond a reasonable doubt and it relied heavily throughout sentencing on defendant's criminal history. And even if all other factors are now improperly considered, the trial court *could* still lawfully impose an upper term supported by this factor alone, especially considering the court found no factors in mitigation. (*People v. Lewis, supra*, 88 Cal.App.5th at p. 1137 [a lawful sentence after Senate Bill 567 means there is "at least one aggravating circumstance true beyond a reasonable doubt"].)

This is true even for the 12022.5 firearm enhancement. Section 1170.1, subdivision (d) does not explicitly permit reliance on a certified record as sufficient for establishing an aggravating factor for a triad enhancement. But defendant's prior felony conviction was established both by his own stipulation at trial and also found true beyond a reasonable doubt by the court in a court trial for the strike finding. This is sufficient for the trial court to properly impose the upper term on the enhancement under section 1170.1, subdivision (d).

Second, the record clearly indicates the trial court *would* still impose the upper term on count four and the section 12022.5, subdivision (a) enhancement. This is most readily supported by the trial court's statement: "[I]f this isn't a case for the upper[]term, then I don't know what is," in part due to defendant's "criminal history." But the court went further to explicitly note that even if one or more of the aggravating factors it used were later found to not be appropriately imposed, "based on even one of those factors, the Court would exercise its discretion to impose the upper[]term." This remark suggests the trial court was aware of the coming changes to sentencing authority; Senate Bill 567 had already been signed into law at the time of sentencing. (Stats. 2021, ch. 731.) But regardless of what it knew about Senate Bill 567, these statements clearly indicate the trial court would impose the same upper term even under the modified section 1170 and section 1170.1 analyses. And these uniquely clear statements of sentencing intent under hypothetical future changes to the court's discretion render this case substantially different than the cases defendant relies on where the courts found no clear indication in the record. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 468 ["The trial court offered no indication that it would have selected an upper term sentence even if only a single aggravating factor or some subset of permissible factors were present"]; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1115 ["The trial court gave no particular weight to any of its listed aggravating circumstances. Nor did it indicate whether its decision to impose the upper term was (or was not) a close call"].) Thus, remand is unnecessary even under the more stringent test.

"We therefore conclude that remand in these circumstances would serve no purpose but to squander scarce judicial resources. [Citations.]" (*People v. McVey* (2018) 24 Cal.App.5th 405, 419; see *People v. Barber* (2020) 55 Cal.App.5th 787, 814 ["Given the detailed reasoning the court put into its decision, which is reflected in the record, we see no purpose in remanding this matter for the court to again exercise its discretion. Simply put, remand is not necessary"].)

9

## II

### *Abstract of Judgment and Minute Order Errors*

There are several discrepancies between the trial court's oral pronouncement of defendant's sentence, defendant's abstract of judgment, and the July 22, 2021 verdict minute order. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The abstract is either missing or incorrectly lists the letter identifying the term for counts one, three, five, and eight. The abstract also incorrectly lists the sentence for count five. And the July 22, 2021 verdict minute order incorrectly states the verdict on count eight. We will therefore direct the trial court to correct the abstract of judgment and minute order to accurately reflect the oral pronouncement of the court. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 188 [appellate courts have authority to correct clerical errors].)

### DISPOSITION

The judgment is affirmed. We direct the trial court to issue a corrected abstract of judgment to include, under the "TERM" column in part 1, an "M" for count one, a "U" for count three, a "U" for count five, and a term of "(8)" for count five under the "PRINCIPAL OR CONSECUTIVE TERM IMPOSED" column. The trial court is additionally directed to correct part 2 of the abstract of judgment by adding an "S" under the "TIME IMPOSED" column, and "(10 YRS)" under the "TOTAL" column for count five's enhancement, and to modify the July 22, 2021 verdict minute order to reflect a

10

verdict of "GUILTY" for count eight.  The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                    /s/
                                              Krause, J.


We concur:


        /s/
Renner, Acting P. J.


        /s/
Boulware Eurie, J.


11